**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RICHARD BARDWELL,**                                                    **PETITIONER**

**V.**                                                             **NO. 1:05CV197-M-D**

**LAWRENCE KELLY, ET AL,**                                   **RESPONDENTS**

### <u>O P I N I O N</u>

This cause comes before the court on the petition of Richard Bardwell for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner states that he was convicted, in accordance with his plea of guilty, on September 12, 1984, in the Circuit Court of Attala County, Mississippi, of murder. He further states that he was sentenced to life imprisonment. Petitioner did not file a direct appeal of his conviction or sentence, but filed a motion for post-conviction relief in the trial court under the Mississippi Uniform Post Conviction Collateral Relief Act, § 99-39-1, *et seq.*, Miss. Code Ann. The motion was denied on June 10, 1999. Petitioner then appealed this decision to the Mississippi Court of Appeals, which on May 9, 2000, affirmed the trial court's decision.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation, codified at 28 U.S.C. § 2244(d)(1):

> (d)(1) 1-year period of limitation shall apply
> to an application for a writ of habeas corpus
> by a person in custody pursuant to the judgment
> of a State court. The limitation period shall
> run from the latest of
>     (A) the date on which the judgment became

> final by the conclusion of direct review
> or the expiration of the time for seeking
> such review;
> (B) the date on which the impediment to
> filing an application created by State
> action in violation of the Constitution
> or laws of the United States is removed,
> if the applicant was prevented from filing
> such State action;
> (C) the date on which the constitutional
> right asserted was initially recognized by
> the Supreme Court, if the right has been
> newly recognized by the Supreme Court and
> made retroactively applicable to cases on
> collateral review; or
> (D) the date on which the factual predicate
> of the claim or claims presented could have
> been discovered through the exercise of due
> diligence.
> (2) The time during which a properly filed
> application for State post-conviction or other
> collateral review with respect to the pertinent
> judgment or claim is pending shall not be counted
> toward any period of limitation under this
> subsection.

Petitioner's appeal of the denial of post-conviction relief was denied on May 9, 2000. Although Bardwell did not petition the United States Supreme Court for a writ of certiorari, the 90 day period within which he was eligible to file such a petition must be considered in determining when a judgment becomes final. *See Bell v. Maryland*, 378 U.S. 226, 232 (1964). Therefore his conviction became final on August 7, 2000. Therefore, petitioner had until August 7, 2001, to file a petition for habeas corpus review in federal court. It was not filed until August 23, 2005, more than four years after the allowable time. Consequently, it must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the 13th day September, 2005.

                                            **/s/ Michael P. Mills**
                                            **UNITED STATES DISTRICT JUDGE**